**TUILEFANO M. VAELA`A, Claimant**

**v.**

**VALENTINO TAUFA`ASAU, UTAIFEAU T. MAUGA ASUEGA, FANENE F. KAVA SEALI`ITU F. MAUGA, and MAILO ATONIO, Counter-claimants**

**[In re Matai Title "MAUGA" of the Village of Pago Pago]**

High Court of American Samoa
Land and Titles Division

MT No. 12-98

April 3, 2002

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, ATIULAGI, Associate Judge and TAUANU`U, Temporary Associate Judge.

Counsel: For Tuilefano M. Vaela`a, Afoa LS. Lutu and Arthur Ripley, Jr.
For Utaifeau T.M. Asuega, Asaua Fuimaono
ORDER DENYING MOTION TO STAY
JUDGMENT PENDING APPEAL

On December 14, 2001, this Court entered judgment awarding the *matai* title Mauga of Pago Pago to Uta`ifeau T.M. Asuega ("Uta`ifeau"). Claimant Tuilefano M. Vaela`a ("Tuilefano") filed a motion for a new trial, which was denied, and then filed for an appeal. None of the other candidate-claimants, and hence their respective supporters, have taken further issue with the trial court's decision. Claimant Tuilefano now moves this court to stay the judgment pending his appeal. As Uta`ifeau has already procured registration of the title, Tuilefano is essentially asking the court to enjoin the title investiture ceremony that Uta`ifeau and remaining members of the Mauga family have already begun planning to take place later this month.

■■■■ The court may grant a stay of execution pending appeal, beyond the ten days after an order is issued, at the court's discretion. T.C.R.C.P. 62. The court's discretion to grant the stay, however, should be exercised only for cause shown and a stay should not be granted casually. *Asifoa v. Faoa*, 71 A.S.R. 10, 12 (App. Div. 1990). The moving party must establish: 1) failure to grant the stay would cause irreparable harm; 2) a likelihood of success on appeal; and 3) the public interest would be harmed by not granting the stay. *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 71, 73 (Land & Titles Div. 1990).

## Discussion

*1. Irreparable Harm*

Tuilefano's arguments for irreparable harm focus on the potential for disharmony in the family if a title investiture ceremony takes place without his and his supporter's participation. As we understand the argument, there are family members who still support Tuilefano's candidacy pending appeal, and who will not be able to exercise their rights as family members to participate in the investiture ceremony while the appeal is pending. It is also claimed that these family members who support his appeal will be ostracized for non-participation. Hence, it is claimed, disharmony will result.

Tuilefano further argues that if he wins on appeal, and title investiture has already taken place, there would be disharmony and confusion concerning the title, and monetary expenses would have been wasted on the pending ceremony.

■■ First, we reject Tuilefano's wasted-money argument as constituting irreparable harm. Monetary loss is the very prototype of reparable harm. Whether the expense of a Samoan title investiture ceremony might later prove to be a colossal waste of money, because of a subsequent appellate ruling, the economic harm resulting would hardly inure to the irreparable

315

harm of the Mauga family, as a Samoan institution, and to those members who choose to participate. There is simply no evidence to suggest this. To the contrary, experience teaches otherwise. There have been, albeit infrequently, instances whereby the cost of an investiture ceremony has been for naught, because of a later appellate ruling. But in these instances, the *fa`a Samoa* and the traditional institutions of *matai* and family have nonetheless continued to endure notwithstanding the outward economic waste.

Second, the claim to ostracism is just that, a claim (in part attributable to "golf course" rumors). When Uta`ifeau was confronted with these claims, he assured under oath that such claims had no basis in fact.

Part of assessing irreparable harm when considering a stay involves the balancing of equities. T.C.R.C.P. 62 (a), (c); *Asifoa*, 71 A.S.R.2d at 12, 13. If Tuilefano's motion is denied, he and his supporters would have a choice—to either attend the investiture ceremony or not attend. Whether they attend or not has absolutely no prejudicial effect whatsoever on the merits of Tuilefano's appeal. Choosing *not* to attend would potentially have a negative impact on the harmony of the family. Choosing to attend, however, while it might be seen by some as a sign of acquiescence, could equally be viewed by others as a noble effort to maintain honor, and family harmony, while the appeal is pending.

If the motion is granted, the investiture ceremony, for which the entire family besides Tuilefano's supporters is preparing, would be put on hold until the appeals process is complete. The title would remain symbolically unfulfilled, and the great majority of the family would likely be unhappy with the delay, inevitably creating significant discord. Balancing the equities produces a result in favor of allowing the investiture to continue as planned. While either result could lead to discord, granting the stay negatively impacts a significantly greater number of people which could result in as much or more unrest as not granting the stay. Additionally, if the stay is not granted, Tuilefano and his supporters still would have the option to attend, avoiding most of the potential for discord while not affecting his legal claims in the slightest.

*2. Likelihood of Success on Appeal*

The likelihood of success on appeal is also a factor that weighs in favor of denying the motion. Tuilefano's appeal is limited only to those issues which were raised in his motion for new trial, since the appellate court has no jurisdiction to consider any issues not raised on his motion for new trial. *See Kim v. Star-Kist Samoa, Inc.*, 8 A.S.R.2d 146, 149-50 (App. Div. 1988). A review of Tuilefano's appeal, combined with his arguments, submitted both orally and in writing, has hardly shown a high

likelihood of success on appeal. In fact, the thrust of his appeal seems principally to be in the way of a quarrel with this court's factual assessments, void of substantive legal argument. An appeal which merely suggests that the losing party's arguments and factual position were better and should have prevailed, without showing clear error on the part of the trial court, is not likely to succeed. *See Moea`i v. Alai`a*, 12 A.S.R.2d 91, 92 (App. Div. 1989); *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989) ("It is not within the province of the appellate court to reweigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another").

*3. Public Interest*

■ Like his arguments concerning irreparable harm, Tuilefano's efforts to show that the public interest demands a stay of execution focuses on the potential discord of allowing an investiture ceremony to take place while the appeal could still be granted. While it is true that the public interest would favor a simple solution without controversy, discord would also result if the pending ceremony is delayed because of the interests of one faction of the family. None of the other candidates for this title have challenged the appointment of Uta`ifeau, and they represent the vast majority of the family, which is apparently already investing in the title investiture ceremony.

Lastly, as Tuilefano acknowledges, the title Mauga has national and historical significance. But the title has been vacant for many, many years while the Mauga heirs struggled with the vicissitudes of a traditional decision making process that promotes indefinite postponement in the absence of consensus. In the meantime, Mauga's extended family, *the Tei ma Anoalo, Matua ma Nofofanau, ma Anoaloifale,* and the village of Pago Pago, have had to sit by patiently throughout this inordinate time frame. The solidarity of their presence in court at the hearing of the motion to stay did not escape the attention of Associate Judges. Undoubtedly, these third-parties no less demand continuity with their traditional institutions now long held in abeyance while a successor Mauga titleholder was being sought. These countervailing factors must, at least for the historically significant Mauga title, enter into the public interest assessment.

In our view, the public interest could be equally or more greatly harmed by delaying the investiture ceremony at this point as by allowing it to continue.

**Order**

We conclude that claimant has not shown sufficient cause to warrant this

317

court staying execution of judgment or imposing an injunction on a title investiture ceremony pending appeal. Accordingly, the motion to stay execution, and/or for injunctive relief, is denied.

It is so ordered.